FILED
JUN 2 7 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VELMA LEWIS,
10004 Prince Royal Place
Upper Marlboro, MD 20774

Plaintiff,

v.

GREATER SOUTHEAST
COMMUNITY HOSPITAL CORP.
1310 Southern Ave, S.E.
Washington, D.C. 20032,

Serve:

C T Corporation System
1015 15th Street, N.W. Suite 1000
Washington, DC 20005,

(Resident Agent)
Defendant.

Civil No:

JURY TRIAL REQUESTED

CASE NUMBER 1:05CV01281

JUDGE: Rosemary M. Collyer

DECK TYPE: Employment Discrimination

DATE STAMP: 06/27/2005

## CIVIL COMPLAINT

NOW COMES Plaintiff, Velma Lewis, by and through undersigned counsel, and files this civil complaint for damages. In support of this complaint Plaintiff states as follows:

### JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to Title VII of the 1964 Civil Rights Act, as amended by 1991 (hereinafter "Title VII"); 42 U.S.C. § 1981 (hereinafter "Section 1981"); and the Equal Pay Act (hereinafter "EPA").

2. This action properly lies in the United States District Court for the District of Columbia

1

because all of the events stated herein occurred in this jurisdiction and Defendant is located in this jurisdiction.

## PARTIES

3. Plaintiff, Velma Lewis, is a citizen of the United States, resides in the State of Maryland, and is employed by Defendant.

4. Plaintiff is protected under Title VII and Section 1981 on the basis of her race, African American.

5. Plaintiff is protected under the Title VII and EPA on the basis of her sex, female.

6. Defendant, Greater Southeast Community Hospital, is located in the District of Columbia and is subject to the provisions of Title VII, Section 1981 and the EPA.

## ADMINISTRATIVE REQUIREMENTS

7. Plaintiff re-alleges the allegations of Paragraphs 1 through 6, and incorporates them by reference herein.

8. Plaintiff filed a Charge of Discrimination, and amended same, fall of 2004.

9. On March 28, 2004, Plaintiff received her Notice of Right to Sue. Thus, Plaintiff has satisfied all of her administrative requirements to bring this action pursuant to Title VII and the EPA.

## COUNT I
## FAILURE TO PROMOTE
## IN VIOLATION OF TITLE VII & SECTION 1981

10. Plaintiff re-alleges the allegations of Paragraphs 1 through 9, and incorporates them by reference herein.

11. Plaintiff, an African American female, was employed with Defendant for two years.

12. Plaintiff was appointed into the Acting Chief Nursing Officer role in September 2003 to April 2004.

13. In April 2004, the organization appointed Mr. Thomas Knight, a Caucasian, to be its Chief Nursing Officer, and Plaintiff assumed the role of Associate Chief Nursing Officer.

14. Plaintiff avers that Defendant's decision to appoint Mr. Knight as Chief Nursing Officer instead of her was motivated by her race.

15. As a direct and proximate result of Defendant's, Greater Southeast Community Hospital, actions, Plaintiff was been deprived of employment opportunities, and suffered wage loss, humiliation, mental anguish, and emotional distress.

## COUNT II
## DISPARATE TREATMENT
## IN VIOLATION OF TITLE VII & SECTION 1981

16. Plaintiff re-alleges the allegations of Paragraphs 1 through 15, and incorporates them by reference herein.

17. Plaintiff did not receive a raise since 2003.

18. Plaintiff did not receive performance evaluations since on or about February 2004.

19. Plaintiff avers that Ms. Patricia Papadopoulos, a Caucasian, received a raise and performance evaluations.

20. Plaintiff avers that while she was in the position of Acting Chief Nursing Officer, she was paid a lower salary than Mr. Knight, Chief Nursing Officer.

21. Plaintiff can raise an inference of discriminatory animus by offering evidence comparing herself to similarly situated individuals, not of her protected class, that were treated more favorably than her by Defendant.

22. As a direct and proximate result of Defendant's, Greater Southeast Community Hospital actions, Plaintiff was deprived of employment opportunities, and has suffered wage loss, humiliation, mental anguish, and emotional distress.

## COUNT III
## VIOLATION OF THE
## EQUAL PAY ACT & TITLE VII

23. Plaintiff re-alleges the allegations of Paragraphs 1 through 22, and incorporates them by reference herein.

24. Plaintiff avers that as Acting Chief Nursing Officer, she was doing substantially equal work, the performance of which required substantially equal skill, effort, and responsibility as the Chief Nursing Officer job held by Mr. Knight.

25. Plaintiff avers that her job was performed under similar working conditions as those of Mr. Knight.

26. Plaintiff further avers that she was paid at a lower wage than Mr. Knight, who did equal or less work.

27. As a direct and proximate result of Defendant's, Greater Southeast Community Hospital, actions, Plaintiff has suffered wage loss.

## COUNT IV
## RETALIATION IN
## VIOLATION OF SECTION TITLE VII & 1981

28. Plaintiff re-alleges the allegations of Paragraphs 1 through 27, and incorporates them by reference herein.

29. Plaintiff engaged in a statutorily protected activity when she complained of Mr. Knight's harassment to the Defendant.

30. Plaintiff was subsequently subjected to numerous adverse employment actions, including, but not limited to, failure to receive performance evaluations and raises and involuntarily separated from employment under the pretext of a reorganization.

31. A causal link exist between the statutorily protected activity and the adverse employment actions.

32. As a result of the above-stated actions, Plaintiff has suffered both economic and non-economic damages.

## COUNT V
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF TITLE VII & SECTION 1981

33. Plaintiff re-alleges the allegations of Paragraphs 1 through 32, and incorporates them by reference herein.

34. Plaintiff avers that she suffered from a hostile work environment in that she was harassed by Ms. Phillips, Mr. Knight, and Ms. Scherle.

35. Plaintiff avers that the hostile work environment was in the form of micro-management, work sabotage, illegitimate work assignments, lack of work assignments, over abundance of work, denial of performance evaluations, denial of raises, exclusion from meetings, access by

management to her e-mails without her permission, deletion of files on her computer, defamatory statements, alienation, physically threatening behavior, and threats of performance improvement plans and termination.

36. Plaintiff avers that avers that such hostile work environment was severe and pervasive, such that it altered the terms, conditions and benefits of her employment.

37. Plaintiff's avers that Defendant was aware its employees' hostile behavior toward her and Defendant should be held vicariously liable for its agents engaged in the course of conduct described in the allegation of this complaint while acting in the course, scope and furtherance of their agency and employment relationship with Defendant, Greater Southeast Community Hospital.

38. As a result of the above-stated actions, Plaintiff suffered severe and emotional distress including, but not limited to, depression, anxiety, depression embarrassment, humiliation symptoms of physical illness, despair, anger and loss of faith in her employer.

6

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court grant her the following relief, namely:

(I)  That this Court determine the employment practices complained of in this Complaint are unlawful in that they violate Title VII, Section 1981 and the EPA;

(ii)  That Defendant pay Plaintiff in the amount of $300,000 for compensatory damages, backpay, frontpay, interests, emotional distress;

(iii)  That Defendant pay Plaintiff punitive damages in the amount of $1,000,000 for the reprehensibility of Defendants' conduct, which was malicious, willful and in gross disregard for Plaintiff's rights;

(iv)  That Defendant pay Plaintiff's costs and reasonable attorney's fees;

(v)  That this Court grant other and such further relief as it deems just and proper.

Respectfully submitted on behalf of Plaintiff,

Dated: June 26, 2005

Nathaniel D. Johnson (MD Bar #14729)
LAW FIRM OF NATHANIEL D. JOHNSON, L.L.C.
3195 Old Washington Road
Waldorf, MD 20602
301-645-9103
301-893-6890 (fax)