IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
VELMA LEWIS,                            )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )
                                        )
GREATER SOUTHEAST COMMUNITY             )      Case No. 1:05CV01281 (RMC)
HOSPITAL CORP.                          )
                                        )
            Defendant.                  )
_____)

## ANSWER TO AMENDED COMPLAINT

Defendant Greater Southeast Community Hospital (the "Hospital"), by its undersigned counsel, hereby answers Plaintiff's Amended Complaint as follows:

## JURISDICTION AND VENUE

1.      The allegations set forth in Paragraph 1 are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant admits that Plaintiff purports to bring this action pursuant to the Title VII of the 1964 Civil Rights Act, as amended by the 1991 Civil Rights Act ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and the Equal Pay Act ("EPA"), but denies that it committed any act giving rise to jurisdiction.

2.      The allegations set forth in Paragraph 2 are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant admits that Plaintiff purports that this action properly lies in the United States District Court for the District of Columbia, but Defendant denies that it committed any act giving rise to jurisdiction.

Defendant expressly denies the remaining allegations set forth in Paragraph 2 of the Amended Complaint.

## PARTIES

3.      Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's citizenship, and therefore cannot admit or deny that Plaintiff is a citizen of the United States, residing in Maryland.

4.      Paragraph 4 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant admits that Plaintiff contends that she is protected under Title VII and Section 1981 on the basis of her race, but denies that it committed any act giving rise to coverage under the aforementioned statutes.

5.      Paragraph 5 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant admits that Plaintiff contends that she is protected under Title VII and the EPA on the basis of her sex, but denies that it committed any act giving rise to coverage under the aforementioned statutes.

6.      Paragraph 6 sets forth legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that Plaintiff contends that the Hospital is subject to the provisions of Title VII, Section 1981, and the EPA, but denies that it committed any act giving rise to liability under the aforementioned statutes.

## ADMINISTRATIVE REQUIREMENTS

7.      Defendant repeats its responses to Plaintiff's allegations in the preceding Paragraphs 1-6 as though fully set forth herein.

1.      DC1 30120886.2

8.      Defendant admits that Plaintiff filed a Charge of Discrimination in the fall of 2004.  Defendant is with without sufficient information to admit or deny, and therefore denies the remaining allegations contained in Paragraph 8 of the Amended Complaint.

9.      Defendant admits the allegations set forth in the first sentence of Paragraph 9. The second sentence of Paragraph 9 contains a legal conclusion to which no response is required. To the extent that a response is deemed required, Defendant denies that Plaintiff has satisfied all of her administrative requirements to bring this action pursuant to Title VII and the EPA.

## COUNT I – FAILURE TO PROMOTE IN
## VIOLATION OF TITLE VII & SECTION 1981

10.     Defendant repeats its responses to Plaintiff's allegations in the preceding Paragraphs 1-9 as though fully set forth herein.

11.     Defendant denies the allegations set forth in Paragraph 11 of the Amended Complaint.

12.     Defendant admits the allegations set forth in Paragraph 12 of the Amended Complaint.

13.     Defendant admits the allegations set forth in Paragraph 13 of the Amended Complaint.

14.     Defendant denies the allegations set forth in Paragraph 14 of the Amended Complaint.

15.     Defendant denies the allegations set forth in Paragraph 15 of the Amended Complaint.

## COUNT II – DISPARATE TREATMENT
## IN VIOLATION OF TITLE VII AND SECTION 1981

16.     Defendant repeats its responses to Plaintiff's allegations in the preceding Paragraphs 1-15 as though fully set forth herein.

3

17.    Defendant denies the allegations set forth in Paragraph 17 of the Amended Complaint.

18.    Defendant denies the allegations set forth in Paragraph 18 of the Amended Complaint.

19.    Defendant admits the allegations set forth in Paragraph 19 of the Amended Complaint.

20.    Defendant denies the allegations set forth in Paragraph 20 of the Amended Complaint.

21.    Paragraph 21 contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 21 of the Amended Complaint.

22.    Defendant denies the allegations set forth in Paragraph 22 of the Amended Complaint.

## COUNT III – VIOLATION OF THE EQUAL PAY ACT & TITLE VII

23.    Defendant repeats its responses to Plaintiff's allegations in the preceding Paragraphs 1-22 as though fully set forth herein.

24.    Paragraph 24 sets forth legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 24 of the Amended Complaint.

25.    Defendant denies the allegations set forth in Paragraph 25 of the Amended Complaint.

26.    Defendant denies the allegations set forth in Paragraph 26 of the Amended Complaint.

4

1.    DC1 30120886.2

27.     Defendant denies the allegations set forth in Paragraph 27 of the Amended Complaint.

## COUNT IV – RETALIATION IN VIOLATION OF TITLE VII & SECTION 1981

28.     Defendant repeats its responses to Plaintiff's allegations in the preceding Paragraphs 1-27 as though fully set forth herein.

29.     The allegations contained Paragraph 29 set forth a legal conclusion to which no response is required.  To the extent that a response is deemed required, Defendant admits that Plaintiff asserts that she engaged in statutorily protected activity.

30.     Defendant denies the allegations set forth in Paragraph 30 of the Amended Complaint.

31.     Defendant denies the allegations set forth in Paragraph 31 of the Amended Complaint.

32.     Defendant denies the allegations set forth in Paragraph 32 of the Amended Complaint.

## COUNT V – HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF TITLE VII & SECTION 1981

33.     Defendant repeats its responses to Plaintiff's allegations in the preceding Paragraphs 1-32 as though fully set forth herein.

34.     Defendant denies the allegations set forth in Paragraph 34 of the Amended Complaint.

35.     Defendant denies the allegations set forth in Paragraph 35 of the Amended Complaint.

5

36.    Paragraph 36 sets forth a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations set forth in Paragraph 36.

37.    Defendant denies the allegations set forth in Paragraph 37 of the Amended Complaint.

38.    Defendant denies the allegations set forth in Paragraph 38 of the Amended Complaint.

**COUNT VI – FAILURE TO HIRE IN VIOLATION OF TITLE VII & SECTION 1981**

39.    Defendant repeats its responses to Plaintiff's allegations in the preceding Paragraphs 1-38 as though fully set forth herein.

40.    Defendant admits the allegations set forth in the first sentence of Paragraph 40 of the Amended Complaint, but denies the remaining allegations contained in Paragraph 40 of the Amended Complaint.

41.    Defendant denies the allegations set forth in the Paragraph 41 of the Amended Complaint.

42.    Defendant denies the allegations set forth in Paragraph 42 of the Amended Complaint.

43.    Defendant denies the allegations set forth in Paragraph 43 of the Amended Complaint.

44.    Defendant denies the allegations set forth in Paragraph 44 of the Amended Complaint.

45.    Defendant denies the allegations set forth in Paragraph 45 of the Amended Complaint.

1.    DC1 30120886.2

46.     All other allegations contained in the Amended Complaint not heretofore admitted or denied are hereby specifically and fully denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief prayed for or any other relief.  Defendant prays that Plaintiff's Amended Complaint be dismissed in its entirety and that judgment be entered in Defendant's favor.  Defendant further prays that the Court award Defendant such further relief as it deems just and proper.  To the extent the Prayer for Relief is deemed to contain allegations to which a response is required, Defendant denies all such allegations.

## AFFIRMATIVE DEFENSES

By pleading the following as Affirmative Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Amended Complaint and to establish her alleged damages.

As its affirmative defenses, Defendant states as follows:

1.     The Amended Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted.

2.     A portion of Plaintiff's claims are barred because Plaintiff failed to exhaust her administrative remedies.

3.     A portion of the claims set forth in the Amended Complaint are barred by the applicable statute of limitations.

4.     To the extent Plaintiff has failed to mitigate her damages, all or a portion of the relief she has requested is barred.

7

5.     The facts alleged do not support a claim for punitive damages.  Furthermore, Plaintiff's claims for punitive damages are barred because the alleged acts or omissions of the Hospital do not evidence malicious, reckless or fraudulent intent to deny Plaintiff her rights, and are not otherwise so wanton or willful as to support an award of punitive damages.

6.     Defendant made good faith efforts to comply with federal and local anti-discrimination laws, and as a result, Plaintiff cannot recover punitive damages on her claims.

7.     Defendant expressly denies that any of its employees, officers, or agents acted in any manner that would constitute discrimination; however, if Plaintiff's rights were violated, any such violation occurred outside the scope of employment and without the consent of the Hospital Further, the Hospital did not, and does not, authorize, condone, ratify or tolerate discrimination, or harassment but instead prohibited and prohibits it, and any such conduct may not be attributed to the Hospital through principles of agency, respondent superior or otherwise.

8.     Defendant specifically reserves the right to amend this Answer by additional affirmative defenses and counterclaims as further investigation, discovery and circumstances warrant.

WHEREFORE Defendant prays that:

1.     Plaintiff's Amended Complaint be dismissed with prejudice in its entirety and that judgment be entered in Defendant's favor;

2.     Plaintiff takes nothing by her Amended Complaint;

3.     The Court deny Plaintiff's requested relief;

4.     The Court award Defendant its costs and attorneys' fees; and

1.     DC1 30120886.2

5.      The Court award Defendant further relief as it deems just and proper.

Respectfully submitted,


_____/s/_____
Karla Grossenbacher, D.C. Bar. No. 422544
Chevanniese Smith, D.C. Bar. No. 465096
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006-4004
202-463-2400
202-828-5393 - fax

Attorneys for Defendant

September 2, 2005

1.      DC1 30120886.2