IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VELMA LEWIS ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:05-cv-01281 (RMC) |
| v. ) | |
| ) | |
| GREATER SOUTHEAST ) | |
| COMMUNITY HOSPITAL CORP. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MOTION TO ENLARGE TIME TO RESPOND TO DISCOVERY REQUESTS

Greater Southeast Community Hospital Corp., ("Greater Southeast") pursuant to Federal Rule 6, respectfully requests that this court extend the deadline for Greater Southeast to respond to Velma Lewis's discovery requests through and including March 14, 2006 and in support states:

1. Velma Lewis, through counsel, faxed a request for production of documents and a set of interrogatories to prior counsel for Greater Southeast on January 12, 2006, However, Plaintiff did not serve the requests by mail until January 26, 2006 (*see* letter to prior counsel dated January 26, 2006 attached as Exhibit A). Under the Federal Rules, Greater Southeast's responses and answers are due on or about February 27, 2006.

2. Undersigned counsel entered its appearance for Greater Southeast on February 10, 2006. On February 23, 2006, counsel for defendant contacted counsel for plaintiff requesting a brief extension of time to respond to discovery in light of the recent

substitution of counsel. No other court deadlines would be affected by the extension. No other discovery is currently pending. On February 24, 2006 counsel for defendant stated that defendant refused to agree to an extension of time.

      3.      Federal Rule 6(b) gives this Court the authority to extend the deadline for "cause" shown, "with or without motion or notice," because the request is made before the expiration of the original deadline. In this case "cause" exists because new counsel has just become involved in the case and it would be more efficient to allow a brief extension so that complete responses can be made, rather than rushing to provide responses that could result in discovery disputes. Even if the deadline had passed, the Court may extend the deadline upon motion for excusable neglect. Here, the delay was not intentional. The file received from prior counsel contains a letter from plaintiff's counsel stating discovery was being mailed on January 26, 2006. It is not clear why the discovery was being mailed two weeks after it was faxed, unless the original fax delivery was not effective service.

      4.      Greater Southeast requests that this Court enter an order extending the deadline to respond to the discovery propounded on January 26, 2006 through and including March 14, 2006.

WHEREFORE, Greater Southeast respectfully requests that this Court enter an order:

      a.      extending the deadline to respond to discovery through and including March 14, 2006; and;

      b.    granting such other relief as this Court deems just and equitable.

February 27, 2006                 Respectfully Submitted,

/s/ Steven K. White
Steven K. White #367371
Katherine M. Sutcliffe Becker #481394
Stinson Morrison Hecker LLP
1150 18th Street, NW, Suite 800
Washington, D.C. 20036
(202) 785-9100
(202) 785-9163 (fax)

Counsel for Defendant

**RULE 7(m) CERTIFICATION**

The undersigned hereby certifies that counsel conferred about the relief requested in this motion on February 23 and 24, 2006 and were unable to reach agreement. The motion should therefore be considered opposed.

/s/ Steven K. White
Steven K. White #367371
Stinson Morrison Hecker LLP
1150 18th Street, N.W., Suite 800
Washington, D.C. 20036
(202) 785-9100
Counsel for Defendant

Dated: February 27, 2006

**CERTIFICATE OF SERVICE**

I certify that on this 27th day of February 2006 a copy of the foregoing was served via first class mail, postage pre-paid, or via electronic transmission upon the following:

> Richard Lloyd Thompson, II, Esq.
> NATHANIEL D. JOHNSON, L.L.C.
> 3195 Old Washington Road
> Waldorf, MD  20602
>
> Nathaniel D. Johnson, Esq.
> NATHANIEL D. JOHNSON, L.L.C.
> 3195 Old Washington Road
> Waldorf, MD  20602

/s/ Steven K. White
Steven K. White