## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VELMA LEWIS

    **Plaintiff,**

        v.

GREATER SOUTHEAST COMMUNITY
HOSPITAL

    **Defendant.**

**CIVIL NO: 1:05CV-01281**

## PROPOSED STIPULATED PROTECTIVE ORDER

**IT IS HEREBY STIPULATED** by and between the parties through their counsel of record that:

1.      This Stipulated Protective Order (the "Protective Order") shall govern the designation and handling of confidential documents and information produced in discovery in this lawsuit by any person or entity.

2.      Documents or things shall be designated as "Confidential" by stamping them "CONFIDENTIAL" in a size and location which makes the designation readily apparent. A "Confidential" designation may be affixed only to documents produced in the course of this litigation, including portions of briefs, memoranda, or any other writings filed with the Court, which mention, discuss, or comment upon, any medical treatment received by the Plaintiff, including psychological and psychiatric, as well as any prescription drugs taken by the Plaintiff. With respect to documents produced for inspection, the designation may be affixed either prior to inspection or added when actually copied for production or exchange, provided that in either event the designation should be affixed in a manner which does not affect the legibility of the document. Any information or data that is not reduced to documentary, tangible, or physical form, or that is otherwise not readily designated as Confidential pursuant to the preceding two sentences, may be designated as Confidential by informing counsel for the parties that it is Confidential.

    (a) Confidential material filed with the Court for any purpose shall be filed in a sealed envelope or other container, marked on the outside with the caption of this action and the following statement: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." If any person fails to file protected documents or information under seal, the producing person may request that the Court place the filing under seal.

    (b) The sealed envelope or other container containing the Confidential material shall not be opened except for in camera inspection or pursuant to a Court order or the parties' stipulation. Subject to the Court's convenience and needs, the envelope or other container shall be kept under seal by the clerk until further Court order.

    (c) If any document or information designated as "Confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order. The court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages

or exhibits, and each copy thereof of this Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

(d) Any party or deponent wishing to designate as "Confidential" pursuant to the terms set forth in paragraph 2 above any deposition testimony or documents submitted as exhibits to a deposition may do so on the record during the deposition, or within [10] days after receipt of the deposition transcript and exhibits, by providing written notice of the designation to the parties and any other affected person. If the designation is made on the record at the deposition, the person making the designation shall be responsible for assuring that those portions of the deposition transcript and exhibits designated as "Confidential" are marked by the reporter in the manner described herein. If the designation is made by notice after receipt of the transcript or exhibits, any party receiving notice of the designation shall stamp as "Confidential" the designated portions of any copies of the transcript or exhibits in its possession, and shall take all reasonable steps to assure that transcripts copied but no longer in the possession of said party are likewise appropriately stamped.

(e) Neither the provisions of this Protective Order, nor the filing of any material under seal, shall prevent the use in open court, at any hearing or at trial of this case of any material that is subject to this Protective Order or filed under seal pursuant to its provisions, provided that the party desiring to use the material ("the disclosing party") gives the relevant producing person(s) advance notice at such time as the disclosing party determines that it will use, or is substantially likely to use, such material in open court. Any party or designating person desiring that hearings be held in camera, or that the trial or any portion of it be closed to the public, or that a person be excluded from a hearing or any portion of it, must make a separate motion therefore.

3.     Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all material designated "Confidential" shall be treated as Confidential and shall not be disclosed except under the terms of this Protective Order.

(a)     In the event that the Defendant objects to the designation of any document as "Confidential" such party may, in writing, request the designating person to remove the Confidential designation. Such written request shall specifically identify the document at issue.

(b)     The Plaintiff shall respond in writing within ten (10) business days of receipt of the written request, or within such other period of time as may be designated by the Court or the parties' agreement. If the Plaintiff refuses to remove the Confidential designation, its written response shall state the reasons for this refusal. Notwithstanding the foregoing, failure to provide a timely written response shall be deemed a refusal of the request.

(c)     In the event the parties are unable to resolve a dispute over the designation of documents as Confidential, the Defendant may file a motion under the applicable Federal Rules of Civil Procedure, requesting that the relevant documents be used, produced, or filed without a designation of Confidential.

4.     All Confidential information shall be controlled and maintained in a manner that precludes access by any person not entitled to access under this Protective order and shall be disclosed only to persons described in paragraphs 6 and 7 below in connection with this litigation only, unless and until any party shows a need for the documents in related or subsequent litigation against the parties named in this action and either this Court or the court in the related or subsequent litigation enters an appropriate order for modification of this Protective Order.

5.     Confidential material may be delivered, exhibited or disclosed to counsel representing the named parties in this case, to counsel representing any insurer or indemnitor of any defendant, and to any support staff

assisting such counsel in the prosecution or defense of this litigation (collectively referred to as a party's "legal team"). Counsel who receives any Confidential material shall be bound by this Protective Order and be responsible for (1) informing other members of his or her legal team of their obligations under this Protective Order and (2) assuring that access to the Confidential material is limited in accordance with this Protective Order.

6.    Confidential material may also be delivered, exhibited or disclosed below, to the following persons in addition to a party's legal team:

(a) Any expert or consultant interviewed for retention and/or retained by counsel to assist in the preparation of this case or to testify at trial or any other proceeding in this action

(b) Any person testifying at a deposition, hearing or trial of this action

(c) Any person who authored or previously received the material

(d) Any court reporter employed in this litigation in that capacity

(e) The Court

7.    This Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Protective Order for good cause shown by this Court or any court having jurisdiction over an appeal of this action. After this action terminates, any party may seek to modify or dissolve this Protective Order by Court order for good cause shown or by the parties' stipulation.

8.    At the conclusion of this action, including any appeals, all materials designated as Confidential and all copies, extracts, summaries, or notes thereof shall be returned to the producing person(s).

9.    Should any information designated Confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, then the disclosing person(s) shall promptly (a) identify the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its Confidential status because disclosed to a person not authorized to receive it under this Protective order.

10.    The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of Confidential material.

11.    This Protective Order may be executed in counterparts.

Dated:  6-21-06    Signed: _____

Nathaniel D. Johnson, Counsel for Plaintiff

Dated: 6-21-06 Signed: _____

Stephen K. White,  Counsel for Defendant

IT IS SO ORDERED.

Dated: _____  _____

Rosemay Collyer, U.S. DISTRICT JUDGE